FLORENCE J. NEUFFER, Appellant, v. EMIL A. NEUFFER et al., Respondents. — Appeal dismissed, without costs upon stipulation.

MILDRED M. SCOTESE, Appellant, v. SYRACUSE TRANSIT CORPORATION et al., Respondents.— Motion granted and appeal dismissed, with $10 motion costs.

### (November 18, 1954.)

GEORGE E. BRENNAN, Respondent, v. FRANK JOYCE, Appellant.— Order affirmed, with $10 costs and disbursements. All concur. (Appeal from an order granting plaintiff's motion to bring in a party defendant in an action to recover commissions as a real estate broker.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.

### FIRST DEPARTMENT, DECEMBER, 1954.

### (December 7, 1954.)

THOMAS P. MASON, Appellant-Respondent, v. UNITED STATES LINES COMPANY, Defendant, and T. HOGAN & SONS, INC., Respondent-Appellant.

*Per Curiam.* Judgment in favor of plaintiff should be reversed and the complaint dismissed. Plaintiff has failed to establish the negligence of defendant as, indeed, he has failed to establish what was the cause of the accident. Because plaintiff was struck by a downward motion of the cable running from the winch, he inferred, without sufficient basis, that this was the result of the releasing of the taut cable by a winchman attempting to disengage a caught cargo hook. The one evidentiary fact upon which he relies to base his chain of inferences, is the grinding of the winch, which he admitted may have been caused by a heavy cargo load as well as a caught hook. Neither he nor anyone else testified from observation that the hook was caught. Once inferring that the hook was caught, he inferred further that the winchman had resorted to the act of releasing the taut cable for the purpose of disengaging the hook. He did not see the winchman do this and he did not see the cable snap, any more than he saw that the cargo hook was caught. Beyond that there is no showing how the winchman, assuming all of these facts to have been properly inferred, which they were not, was negligent.

Peck, P. J., Dore, Cohn and Breitel, JJ., concur; Bastow, J., dissents and votes to affirm.

Judgment reversed, with costs to the defendant-appellant, and judgment is directed to be entered in favor of T. Hogan & Sons, Inc., dismissing the complaint herein, with costs. Settle order on notice.